

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| TOBY G. HAYES,<br>　　　　Plaintiff,<br><br>vs.<br><br>SAFE FEDERAL CREDIT UNION and<br>DARRELL D. MERKEL,<br>　　　　Defendants. | §<br>§<br>§<br>§ Civil Action No. 3:19-00881-MGL-TER<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

　　Plaintiff Toby G. Hayes (Hayes) filed this action alleging Defendants Safe Federal Credit Union and Darrell D. Merkel (collectively, Defendants) discriminated against him because of his religion in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as well as a number of state law causes of action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion to dismiss be granted in part and denied in part. Specifically, the Magistrate Judge recommends the motion be granted as to Hayes's Title VII constructive discharge claim, outrage claim, and negligence claim, and be denied as to Hayes's Title VII hostile work environment claim and defamation claim. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on January 31, 2020. Hayes filed his Objection to the Report (Objection) on February 14, 2020. Defendants filed their response to the Objection on March 5, 2020 (Response). The Court has reviewed the Objection and holds it to be without merit. It will therefore enter judgment accordingly.

Hayes raises a single objection to the Report, arguing his complaint meets the pleading standards for a constructive discharge cause of action.

Preliminarily, Hayes argues the lack of any specific cause of action for constructive discharge in his complaint makes any discussion by the Magistrate Judge on such a claim inappropriate. Although there is not a specific constructive discharge cause of action in the complaint, Hayes states he "has additional claims arising out of SAFE's retaliation, disparate treatment, and hostile work environment that culminated in his constructive termination," which links his existing Title VII claims to a claim for constructive termination. Compl. ¶ 8. Accordingly, it was germane for the Magistrate Judge to discuss the issue.

Constructive discharge occurs "[w]here an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job." *Holsey v. Armour & Co.*, 743 F.2d 199, 209 (4th Cir. 1984). A plaintiff must establish two elements for a constructive discharge claim: 1) the "deliberateness of the employer's action," and 2) the "intolerability of the working conditions." *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985). Intolerability requires more than a showing "a reasonable person . . . would have viewed resignation as the wisest or best decision, or even that the employee subjectively felt compelled to resign," but rather the plaintiff must demonstrate "a reasonable person in the employee's position would have felt *compelled* to resign . . . that is, whether he would have had *no choice* but to resign." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 212 (4th Cir. 2019) (internal quotations omitted).

The Magistrate Judge correctly noted the intolerability element for a constructive discharge claim is a higher burden than the standard for a workplace discrimination claim, also discussed in the Report. *See Amirmokri v. Baltimore Gas & Elec. Co.*, 60 F.3d 1126, 1133 (4th Cir. 1995) (noting the severe and pervasive standard for a harassment claim is less severe than the intolerable standard for a constructive discharge claim). Although Hayes correctly states nothing requires him to prove all elements of the claim at this stage, the allegations in the complaint, taken as true, still must meet the elements of the claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating a complaint must contain sufficient factual matter to state a plausible claim when accepted as true).

Hayes cites a number of allegations in his complaint he claims are sufficient to meet the elements of a constructive discharge, including: being blocked from promotion and raise opportunities, receiving a demotion and forced to report to another Vice President within SAFE, being assigned unnecessary tasks, SAFE refusing to issue a press release about awards Hayes received, intimidation and harassment in meetings, a directive by the Chief Executive Officer "If

3

you want to leave, that's your decision," and write-ups in retaliation for filing an EEOC complaint. Objections at 4-5.

But, these, taken together as true, still fail to meet the higher intolerability standard. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 434 (4th Cir. 2004) (holding allegations of supervisors yelling, accusations of being a poor manager and receiving poor evaluations, being chastised in front of customers, and requiring the plaintiff to work with an injured back were insufficient, even if taken as true, to establish objectively intolerable working conditions); *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 273 (4th Cir. 2001) (stating co-worker ostracism, denial of a promotion to a management position, and mandatory counseling would not compel a reasonable person to resign). Because the allegations in the complaint, even when taken as true, fail to establish the elements of constructive discharge, dismissal is appropriate. Accordingly, the Court will overrule Hayes's objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Hayes's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendants motion to dismiss is **GRANTED** as to Hayes's Title VII constructive discharge claim, as well as his claims for outrage and negligence, and **DENIED** as to Hayes's Title VII claim for hostile work environment and his defamation claim.

**IT IS SO ORDERED.**

Signed this 23rd day of March 2020 in Columbia, South Carolina.

                                                      s/ Mary Geiger Lewis
                                                      MARY GEIGER LEWIS
                                                      UNITED STATES DISTRICT JUDGE