

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| TOBY G. HAYES, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:19-00881-MGL-TER |
| | § | |
| SAFE FEDERAL CREDIT UNION and | § | |
| DARRELL D. MERKEL, | § | |
| Defendants. | § | |
| | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT

Plaintiff Toby G. Hayes (Hayes) filed this action alleging Defendants Safe Federal Credit Union and Darrell D. Merkel (collectively, Defendants) discriminated against him because of his religion in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as well as a number of state law causes of action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion to enforce settlement be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on February 4, 2020.  Defendants filed their Objections to the Report (Objections) on February 21, 2020.  Hayes filed his response to the Objections on March 5, 2020 (Response).  The Court has reviewed the Objections and holds them to be without merit.  It will therefore enter judgment accordingly.

Defendants raise two objections to the Report.

First, Defendants contend there had been a meeting of the minds on all material terms of the settlement agreement, and its addition in its final redline of the agreement failed to change this fact.

"[T]he court cannot enforce a settlement until it concludes that a complete agreement has been reached."  *Hensley v. Alcon Labs. Inc.*, 277 F.3d 535, 540 (4th Cir. 2002).  The Court lacks the power "to impose . . . a settlement agreement where there was never a meeting of the parties' minds." *Ozyagcilar v. Davis*, 701 F.2d 306, 208 (4th Cir. 1983).

The parties appear to agree with the Magistrate Judge South Carolina law guides the analysis on the validity of a potential settlement agreement.  Under South Carolina law, like the Fourth circuit, "to have a valid and enforceable contract, there must be a meeting of the minds between the parties with regard to *all* essential and material terms of the agreement." *Player v. Chandler*, 382 S.E.2d 891, 893 (S.C. 1989).

Defendants contends the parties agreed as to the essential and materials terms, although Hayes maintains there was never complete agreement.  Defendants own words undermine their

2

current contention.  In responding to the latest revisions by Hayes, Defendants inserted additional language into the potential settlement agreement, and conditioned their acceptance on the parties agreeing to the additional language.  *See* October 24, 2019 email ("Our clients have agreed to accept Hayes' proposed revisions in total, assuming we can agree on one minor clarifying addition to the language [in] Hayes' non-disparagement obligations in Paragraph 6.").

This language indicates Defendants would not have accepted the terms of the agreement without the addition of the new language.  Thus, the non-disparagement clause was an essential term of the settlement agreement.  Because there is no evidence Hayes agreed to the additional language—rather he walked away from settlement negotiations over the language—there was no meeting of the minds on the essential terms of the agreement.  Accordingly, the Court will overrule Defendants' first objection.

Second, Defendants argue they are entitled to an evidentiary hearing prior to any ruling on the enforcement of the purported settlement agreement.  The Fourth Circuit has stated a district court should "conduct a plenary evidentiary hearing in order to resolve [factual] dispute[s]" regarding an agreement.  *Hensley*, 277 F.3d at 541.  Defendants, however, overstate the applicability of this to the Court's ruling today.  The concern for the Fourth Circuit is in preventing the "enforce[ment] of a settlement agreement," when there remains a dispute of fact over the existence of the agreement or any material term.  *Id.*  Here, the Magistrate Judge concluded there was no settlement agreement to enforce, thus no evidentiary hearing was necessary.  The hearing is to protect a party from enforcement of a disputed agreement without an opportunity to be heard, rather than resolve a dispute over a Court's determination of the lack of an agreement.  Accordingly, the Court will overrule Defendants' second objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendants' objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion to enforce settlement is **DENIED**.

**IT IS SO ORDERED.**

Signed this 15th day of July 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE