UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| TOBY G. HAYES, | ) | Civil Action No. 3:19-cv-0881-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| SAFE FEDERAL CREDIT UNION | ) | |
| and DARRELL D. MERKEL, | ) | |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## I.    INTRODUCTION

This action arises out of Plaintiff's employment with Defendant SAFE Federal Credit Union (SAFE).  There are numerous motions before the Court: Defendants' Motion to Amend/Correct Answer (ECF No. 72), Plaintiff's Motions to Quash (ECF Nos. 74, 79), Plaintiff's Motion to Sanction Defendants (ECF No. 92), Plaintiff's Motion to Strike Plaintiff's Deposition (ECF No. 94), Plaintiff's Motion for Protective Order (ECF No. 96), Plaintiff's Motion to Compel Discovery (ECF No. 97), Defendants' Motion to Compel (ECF No. 102), Defendants' Motion to be Relieved from Mediation (ECF No. 104), and Plaintiff's Motion to Hold Defendants in Contempt (ECF No. 105). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

## II.    DISCUSSION

### A.    Defendants' Motion to Amend Answer

Defendants move to amend their answer to assert a counterclaim against Plaintiff for defamation based upon an interview he gave for an article published in the trade publication Credit Union Times regarding both Defendants.  Defendants assert that the publication included numerous

false statements accusing Defendants of various forms of discrimination as well as mismanagement. The article was published after the present lawsuit was filed, and upon learning of the publication, Defendants notified Plaintiff of their intent to amend their answer to assert a defamation counterclaim. At that time, Plaintiff proposed a "walk-away" settlement, which the parties pursued but they were ultimately unable to reach an agreement. Defendants moved to enforce settlement which was denied. Thereafter, Defendants filed the present motion to amend. Plaintiff has not filed a response to Defendants' motion. Thus, pursuant to Fed.R.Civ.P. 15(a) and 16(b), Defendants' Motion to Amend Answer (ECF No. 72) is **GRANTED**. The clerk's office is directed to file the Amended Answer and Counterclaim that is attached to Defendants' motion, and Plaintiff should respond to the counterclaim in accordance with the Federal Rules of Civil Procedure.

### B.     Plaintiff's Motions to Quash

In his Motions to Quash[1], Plaintiff asks the court to quash the subpoena served by Defendants on his former employer, East Idaho Credit Union (EICU). The subpoena at issue seeks a copy of EICU's personnel file for Plaintiff

> including, without limitation, any and all application materials interview notes, wage records, performance records, counseling records, disciplinary records, separation records (including, without limitation, any and all documents related to the reason(s) for the separation of his employment), memos, correspondence, and any and all other documents or materials contained in [the] personnel file(s) for [Plaintiff] from January 1, 2018, to present.

EICU Subpoena (ECF No. 80-2). Plaintiff argues that the subpoena should be quashed because it is too broad, it violates his privacy, and it is outside the "time frame scope of this case."

Federal Rule of Civil Procedure 45(d)(3)(A) provides that

---

[1]The Motions to Quash (ECF Nos. 74, 79) are identical. Thus, the first motion (ECF No. 74) is moot as a result of the filing of the second motion.

on timely motion, the court for the district where compliance is required must quash
or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule
45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or
waiver applies; or
(iv) subjects a person to undue burden.

Plaintiff moves to quash a subpoena served on a non-party.  "[G]enerally a motion to quash

a subpoena directed to a non-party must be brought by the non-party itself." Zajac v. Red Wing,

LLC, 2018 WL 9989662, at *2 (D.S.C. Feb. 27, 2018) (internal citations omitted).  "[A] party does

not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal

right or privilege in the information sought by the subpoena."  U.S. v. Idema, 118 Fed.Appx. 740,

744 (4th Cir. 2005).  Thus, Plaintiff lacks standing to challenge the subpoena issued to EICU as too

broad or outside the scope of this case, and at best can challenge it on "privacy" concerns.

Though Plaintiff argues that the subpoena violates his privacy, he offers no specific details

as to what information would be provided in response to the subpoena that would give rise to privacy

concerns.  He argues only that Defendants fail to demonstrate good cause or a substantial need to

violate his privacy by obtaining his personnel file.  However, on a motion to quash, the moving

party–here, Plaintiff–bears the burdens of proof and persuasion. See, e.g., Virginia Dep't of Corr. v.

Jordan, 921 F.3d 180, 189 n.2 (4th Cir. 2019), cert. denied, 140 S. Ct. 672 (U.S. 2019).  Though

recognizing that Plaintiff bears the burden on this motion, Defendants nonetheless assert that the

personnel file sought from EICU, the employer for whom Plaintiff worked immediately following

his employment with Defendant, is relevant[2] to the claims and defenses in this employment

---

[2]Many of the motions discussed herein are discovery motions, and relevance is the
cornerstone of the scope of discovery.  Rule 26(b)(1) governs the scope of discovery and

discrimination action, as well as to damages and credibility.  Further, Defendants note that any privacy concerns Plaintiff may have are remedied by the Confidentiality Order (ECF No. 25) already filed in this case.  Defendants also offer as a good faith stipulation that all documents produced by EICU be designated as "CONFIDENTIAL" pursuant to the terms set forth in the Confidentiality Order.

Given the non-specific nature of Plaintiff's objection to the subpoena, the relevance of the information sought to this action, and the existence of a Confidentiality Order that would address any privacy concerns, Plaintiff's Motion to Quash (ECF No. 79) is **DENIED**.

### C.     Plaintiff's Motion to Sanction Defendants

In this motion, Plaintiff asks the court to sanction Defendants by entering a default judgment for Defendants' failure to respond to his Subpoena for Production of Documents that was due on February 19, 2021.  Defendants argue that, contrary to Plaintiff's representation that Defendants failed to respond at all, they deposited their responses in the mail on February 19, 2021, and, therefore, timely responded to Plaintiff's requests.  The Certificate of Service for Defendants'

─────────────────

provides, in relevant part, that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any part's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  "While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been 'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 5 (E.D.N.C. 2016) (quoting EEOC v. Sheffield Fin. LLC, No. 06-889, 2007 WL 1726560 (M.D.N.C. June 13, 2007)) (internal citations omitted). "Relevance is not, on its own, a high bar." Va. Dep't of Corrs. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019).

Responses to Plaintiff's Subpoena for Production of Documents indicated that they were served upon Plaintiff via United States mail on February 19, 2021. Federal Rule of Civil Procedure 5(b) governs the effective methods of service of various documents, including any "discovery paper," and provides that the available methods of effective service include "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Because Defendants' responses were timely served in accordance with the Federal Rules of Civil Procedure, Plaintiff's Motion to Sanction Defendants (ECF No. 92) is **DENIED**.

### D. Plaintiff's Motion to Strike Plaintiff's Deposition

Plaintiff moves to strike his deposition in its entirety because Defendants' failed to timely respond to discovery (discussed above) and for alleged ethical violations by Defendants' counsel during the deposition. Plaintiff asserts that during the deposition, counsel threatened Plaintiff with criminal prosecution for issues unrelated to the present case and presented and questioned Plaintiff about documents not previously provided in discovery.[3] Defendants argue that they timely served responses to Plaintiff's subpoena, which did not require the production of any documents that had not already been produced eighteen months earlier, and counsel for Defendants conducted Plaintiff's deposition in compliance with all applicable procedural rules.

As a preliminary matter, Plaintiff moves to strike his deposition pursuant to Fed.R.Civ.P. 12(f). However, Rule 12(f)[4] applies only to striking the content of "pleadings," and Plaintiff's

---

[3]Plaintiff also asserts that counsel for Defendants threatened monetary loss on at least three occasions outside the deposition by stating that the case would become very expensive if Plaintiff did not drop it and by threatening to seek attorney's fees and costs if Plaintiff did not withdraw his Motion for Sanctions (discussed above).

[4]Rule 12(f) provides in part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

deposition is not a pleading. As defined in Rule 7, a "pleading" for purposes of Rule 12 is limited to a complaint, answer, or reply to a complaint, counterclaim, or crossclaim. See Fed. R. Civ. P. 7(a). Further, as discussed above, Defendants did not fail to timely respond to Plaintiff's subpoena, so that argument is without merit.

Plaintiff also argues that counsel for Defendants questioned him about documents he had never seen before the deposition and threatened him with criminal prosecution. Defendants admit that, of the ninety documents they used during Plaintiff's deposition, one of the documents–SAFE's current Code of Conduct Policy–had not been previously produced to Plaintiff. However, Local Civil Rule 30.04(H), D.S.C., allows deposing counsel to provide to opposing counsel a copy of all documents to be shown to the witness during the deposition "either before the deposition begins or contemporaneously with the showing of each document to the witness." (Emphasis added). Thus, counsel was not required to provide the document to Plaintiff prior to the deposition. In addition, Defendants argue that this document was relevant and connected to the issue about which Plaintiff claims counsel threatened criminal prosecution. Specifically, the Code of Conduct prohibits SAFE employees from accepting anything of value from outside vendors seeking to influence an actual or potential business transaction with SAFE. Code of Conduct Policy (ECF No. 100-1). As stated in the Code of Conduct, failure to comply with those obligations not only violates SAFE policy, but also the federal Bank Bribery Amendments Act of 1985, which provides for civil and criminal penalties. During the deposition, Defendants questioned Plaintiff about two trips taken by Plaintiff that were paid for by local news stations with whom SAFE had advertising contracts. Pl. Dep. 359-71 (ECF No. 100-4). Though counsel for Defendants asked Plaintiff whether he believed his actions violated the Bank Bribery Amendments Act, Pl. Dep. 368-69, no evidence has been presented in the

record that counsel threatened Plaintiff with criminal prosecution.

Because Plaintiff fails to present a basis for striking or otherwise limiting his deposition or pointed to a rule allowing the court to take such action[5], his Motion to Strike Plaintiff's Deposition (ECF No. 94) is **DENIED**.

### E.    Plaintiff's Motion for Protective Order and Defendants' Motion to Compel

Plaintiff moves for a protective order preventing Defendants from deposing him a second time. Plaintiff asserts that during his deposition on February 19, 2021, counsel for Defendants asked a number of questions unrelated to the present case to which Plaintiff objected and refused to answer. Plaintiff asserts that counsel for Defendants told Plaintiff that his failure to answer the questions posed could result in additional costs for Plaintiff because counsel would move to compel Plaintiff to answer the questions posed and would notice a second deposition. Thus, Plaintiff moves for a protective order from a second deposition.

Defendants filed a joint response to Plaintiff's motion and a Motion to Compel Reopening Plaintiff's Deposition. Defendants argue that Plaintiff refused to answer two types of questions: (1) whether he has filed charges of discrimination against other employers and (2) questions regarding the interview he gave for an article published in the Credit Union Times trade publication. Defendant moves for an order compelling Plaintiff to participate in a reopened deposition not to exceed thirty minutes on the record and to respond to questions regarding these two topics. Defendants also ask that Plaintiff be required to pay the reasonable expenses incurred in bringing the motion and the fees and costs associated with the reopening of Plaintiff's deposition.

_____

[5]Further, Plaintiff fails to show that sanctions or other relief are appropriate under Fed.R.Civ.P. 26 or 37.

Federal Rule of Civil Procedure 30 sets forth the circumstances in which a party deponent may refuse to answer a question during the course of a deposition. Rule 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Local Civil Rule 30.04(C), D.S.C., also states that "[c]ounsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or limitation on evidence directed by the Court or unless counsel intends to present a motion under Fed.R.Civ.P. 30(d)(1)."[6] Pursuant to Rule 37, "[a] party seeking discovery may move for an order compelling an answer… [if] a deponent fails to answer a question asked under Rule 30 or 31." See Fed.R.Civ.P. 37(a)(3)(B).

Neither of the objections raised by Plaintiff fall within the first two circumstances provided in the rules. Plaintiff has cited no applicable privilege nor did the court place any limitations on the scope of the deposition. Arguably, Plaintiff's objections fall under the third circumstance, "to present a motion under Rule 30(d)(3)." Rule 30(d)(3)(A) provides that deponent or party may move to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." While it does not appear that Plaintiff made any such motion during the course of the deposition, nevertheless, in his motion for protective order he argues the questions to which he objected are not relevant to the present action and were asked only for the purpose of harassing Plaintiff. However, the topics to which Plaintiff objected are relevant and, thus, were not posed for the purpose of harassing Plaintiff.

---

[6]Local Civil Rule 30.04 notes that "[t]he restrictions and requirements in this rule relating to counsel are applicable to any person who is conducting or defending a deposition, including a pro se litigant." See Local Civil Rule 30.04, fn. 17.

First, questions regarding whether Plaintiff has filed charges of discrimination against other employers are relevant in this case. Defendants are aware of and questioned Plaintiff about an EEOC charge Plaintiff filed against a credit union in Texas for which Plaintiff worked prior to being hired at SAFE. Plaintiff admitted to asserting the same allegations against the Texas credit union as he does in the present case–religious discrimination, harassment, retaliation, and constructive discharge. Pl. Dep. 58-73 (ECF No. 102-1). Defendants argue the information regarding whether Plaintiff has filed charges against other employers is relevant to Plaintiff's credibility. The undersigned agrees that questions regarding whether Plaintiff has filed other charges of discrimination fits within the broad scope of relevancy allowed by the rules.

Questions regarding the interview Plaintiff gave regarding the present action that was published in the Credit Union Times is relevant. Plaintiff asserts that the questions are not appropriate because, although Defendants have sought to add a counterclaim for defamation based on the article, the court had not ruled upon the motion at the time of the deposition. However, questions regarding an interview Plaintiff gave about the present case are relevant to the case regardless of whether the interview itself is the subject of a pending claim.[7]

Because the objections raised by Plaintiff during his deposition generally are without merit[8], and the information sought by Defendants is relevant to this case, Plaintiff's Motion for Protective Order (ECF No. 96) is **DENIED** and Defendants' Motion to Compel (ECF No. 102) is **GRANTED**

---

[7]Furthermore, as set forth above, Defendants' Motion to Amend Answer has now been granted and Defendants may question Plaintiff regarding this claim upon reconvening Plaintiff's deposition.

[8]Relevance to a claim or defense generally is limited to those claims or defenses which have been pleaded.

as follows: Plaintiff is directed to participate in the reopening of his deposition, to last no longer than 30 minutes on the record and to be limited to questions regarding the two topics discussed above. The deposition may be conducted by video-conferencing if either party so desires. Further, Rule 37 provides that if a motion filed thereunder is granted, the moving party is entitled to recovery of its "reasonable expenses incurred," including attorney's fees, unless the Court finds that the failure to respond was "substantially justified" or that "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A). Therefore, Defendants may submit to the court within ten days of the date of this order an affidavit of fees and costs incurred for the preparation of Defendants' Response in Opposition to Motion for Protective Order and Defendants' Motion to Compel Reopening of Plaintiff's Deposition.

## F.    Plaintiff's Motion to Compel Discovery

Plaintiff argues that Defendants' discovery responses served on February 19, 2021, in response to Plaintiff's subpoena were deficient and moves to compel Defendants to produce thirteen documents or categories of documents requested by Plaintiff in the subpoena. The documents at issue and the arguments of the parties are set forth below. With respect to many of the documents requested by Plaintiff, Defendants assert that said documents were produced as part of Defendants' 2,000+ page production in August of 2019.

### 1.    Career Advancement Forms

Plaintiff argues that this form is part of the formal review process at SAFE and, if it does not exist, Defendants may have destroyed it in violation of Fed.R.Civ.P. 37(e). Defendants assert that this form was previously produced in August of 2019, and points to bates numbers SAFE_000005-SAFE_000006. Defendants assert that Plaintiff would know that this form was produced had he

reviewed the previously produced documents. Plaintiff's motion is denied as to this request.

### 2.    Pay and Benefits of Current Vice President of Marketing Bruce Copeland

Plaintiff argues that these documents are relevant to whether he was paid fairly while at SAFE. Defendants object to this request as irrelevant for several reasons. Defendants argue that Plaintiff has not asserted a pay-related discrimination claim. The claims still pending in this action are Plaintiff's claims of disparate treatment, retaliation, and hostile work environment under Title VII, and a state law claim of defamation. Within his disparate treatment cause of action, Plaintiff alleges that he suffered adverse employment actions when, among other things, Defendants refused to have his position evaluated for compensation increase like other executives in April of 2017. Compl. ¶¶ 32, 92 (ECF No. 1-1). Defendants argue that even if documents regarding the current Vice President of Marketing's pay and benefits were relevant to this allegation, any conduct occurring in April of 2017 is time-barred because Plaintiff's charge of discrimination was filed more than 300 days after this occurrence, on April 6, 2018. Pl. Compl. ¶ 73. See, e.g., Beall v. Abbott Labs., 130 F.3d 614, 620 (4th Cir. 1997) (holding that to pursue a Title VII claim, a plaintiff must first "file a complaint with the EEOC within 180 days of the incident, or within 300 days of the incident if state or local proceedings are initiated"). Though Defendants can raise a defense that certain claims are time-barred at the appropriate time, the information sought is relevant to Plaintiff's claims and, thus, Plaintiff's motion to compel is granted as to this request, and Defendants are directed to produce any documents responsive to this request within ten days of the date of this order.

### 3.    Analysis of Pay for VP of Marketing Position

Plaintiff asserts that any such documents falling within this request are relevant to the allegation set forth above regarding whether his position was evaluated for a compensation increase.

Defendants assert the same argument here as that above, i.e., that the allegation is time-barred. For the same reason discussed above, Plaintiff's motion is granted as to this request, and Defendants are directed to produce any documents responsive to this request within ten days of the date of this order.

6.[9]     **Copy of Investigation Report**

Plaintiff seeks a copy of any investigation report[10] made with respect to a written complaint made by Plaintiff in February of 2018. Defendants assert in their Response to the subpoena that "documents responsive to this request have previously been produced," Def. Resp. to Pl. Sub. for Prod. of Docs. p. 6, in their August of 2019 production. Plaintiff fails to address whether he has reviewed the documents he has already received to determine whether they include documents responsive to this request. He asserts only that either no investigation actually took place, or Defendants are suppressing the evidence responsive to this request. Because Defendants assert they have already produced documents responsive to this request and Plaintiff has failed to verify whether this is accurate, Plaintiff's motion is denied as to this request.[11]

---

[9]These numbers correspond with Defendants' numbered responses in its Responses to Plaintiff's Subpoena for Production of Documents.

[10]Plaintiff's actual request states "[p]roduce a true, accurate, and complete copy of the investigation conducted by Human Resources and/or Kay Oldhouser Davis into Plaintiff's formal written complaint dated February 3, 2018." Def. Resp. to Pl. Sub. for Prod. of Docs. p. 6 (ECF No. 103-2). Plaintiff appears to clarify in his motion that he seeks a copy of the investigation report.

[11]Though Plaintiff does not explicitly say as much, he appears to base his lack of diligence in reviewing the documents already produced on that fact that, in his view, Defendants' objections are inconsistent. Plaintiff raises this argument as to many of Defendants' objections. For instance, with respect to this request, Defendants state that they "object to this request to the extent the phrase 'copy of the investigation' is vague, ambiguous, and fails to define the nature of the documents requested with the requisite reasonable particularity. Subject to and without waiving the foregoing objections, Defendants state that documents response to this request have previously been produced." Def. Resp. to Pl. Sub. for Prod. of Docs. p. 6. Plaintiff asserts that

**8.    Notes and/or minutes of the February 8, 2018, meeting between Merkel and Davis**

Defendants responded to this request by stating that there are no documents responsive to this request.  Plaintiff finds this "difficult to believe" and asserts, as with number six above, that either no investigation actually took place, or Defendants are suppressing evidence responsive to this request.  Plaintiff fails to provide any basis for this assertion other than some sort of notes should have been taken in such a meeting.  Plaintiff fails to show that Defendants' response to this request is insufficient and, thus, his motion is denied as to this request.

**9.    Notes and communications between Merkel, Baker, Rasmus, and Jordan during February 9, 2018 meetings regarding reassignment of Plaintiff**

Defendants assert in their Responses that documents responsive to this request have already been produced.  Plaintiff argues that no documents have been produced.  However, Defendants point to an email from Merkel to all the individuals listed in the request, as well as Plaintiff, attaching a memo regarding Plaintiff's reassignment.  Defendants further note that Plaintiff produced the same memo during his document production, and Plaintiff was questioned about the same memo in his deposition.  Thus, Defendants argue that Plaintiff's assertion that no such documents have been produced is disingenuous.  Plaintiff's motion is denied with respect to this request.

**10.    Disciplinary actions against Darrell D. Markell**

Defendants assert that there are no documents responsive to this request.  Plaintiff asks the court to compel Defendants to either produce the requested documents or state that Markell has

---

this response is inconsistent–do Defendants not know what Plaintiff is seeking or do they know and have already produced the documents?  Plaintiff misapprehends Defendants' attempts to preserve their objections to producing discovery notwithstanding their production of such discovery.

never been reprimanded from December of 2016 to the present.  Defendants restate that no such documents exist and Plaintiff's request that Defendants provide a statement Merkell has never been reprimanded is outside the bounds of document production.  Plaintiff's motion is denied as to this request.

### 13.    Contract of Darrell Merkel and any extensions from 2016 to present

Defendants object to the production of these documents based on relevancy.  Plaintiff asserts that this information is relevant because he knows of at least one occasion when Merkel was "rewarded" with a contract extension in March of 2018, just weeks after he demoted Plaintiff. Plaintiff fails to show how the specifics of Merkel's contract are relevant.  Accordingly, Plaintiff's motion is denied as to this request.  However, within ten days of the date of this order, Defendant shall respond whether or not Merkel received a contract extension in March of 2018.

### 14.    Contract with Mark Arnold and/or "On the Mark Strategies"

Defendants also object to the production of these documents as irrelevant.  Plaintiff argues that the information is relevant because it could show that SAFE was intending to replace Plaintiff with an outside vendor in a further attempt to demote him.  Though Defendant asserts that it is undisputed that Plaintiff was not demoted, Plaintiff alleges that in retaliation for his written complaint of harassment and discrimination, Merkel demoted Plaintiff by subordinating him to another Vice President and handing the management of the marketing department over to another individual  Compl. ¶¶ 58, 64-65.  Further, Plaintiff continues to assert in the present motion that he was demoted.  Thus, it appears that whether Plaintiff was demoted is still disputed.  It further appears that the information requested by Plaintiff in this request is relevant to that issue.  Therefore, Plaintiff's motion is granted with respect to this issue to the extent any contract with Arnold and/Or

"On the Mark Strategies" included a reassignment of responsibilities from Plaintiff to Arnold and/or

"On the Mark Strategies" for the year 2018.  Defendants are directed to produce any documents

responsive to this request as limited within ten days of the date of this order.

### 19.     Interview Notes of all attendees for the EVP position

Defendants object to this request as irrelevant because the interviews occurred in and around

December of 2016, and thus any claim arising from that position is time-barred. Nevertheless, they

also assert that no responsive documents exist.  Plaintiff expresses doubt that no such documents

exist ("Defendants are saying that no one took notes in the interview process of 7 different

candidates for a high level executive position? Or did SAFE destroy the evidence?" Pl. Motion to

Compel p. 7), and ask that either the documents be produced or Defendants be subjected to sanctions

and an adverse jury instruction regarding destruction of evidence.  Plaintiff fails to provide any basis

for this assertion other than some sort of notes should have been taken during the interview process.

Plaintiff fails to show that Defendants' response to this request is insufficient and, thus, his motion

is denied as to this request.

### 21.     Harassment training documentation of Merkel, Davis, and Rasmus

Defendants assert that documents responsive to this request have already been provided.

Plaintiff states "[n]o they have not." Pl. Motion to Compel p. 7.  Defendants assert that they

previously provided board policies regarding harassment and related topics but hundreds of pages

of Board minutes confirming other training modules completed by these individuals over a multi-

year period.  Plaintiff fails to address whether he has reviewed the documents he has already received

to determine whether they include documents responsive to this request. Therefore, his motion is

denied as to this request.

22.    **Contracts, benefits, pay for Michael Baker while employed as EVP and CEO**

Defendants object to this request as irrelevant.  Plaintiff asserts that one of the claims he has raised is that he was discriminatorily not selected for the Executive Vice President position for which Michael Baker was hired.  Defendant argues that any such claim is time-barred because Plaintiff learned that Baker had been selected for the position in December of 2016, and did not file his Charge of Discrimination until more than 300 days later, on April 6, 2018.  Pl. Compl. ¶ 73.  As stated above, though Defendants can raise a defense that certain claims are time-barred at the appropriate time, the information sought is relevant to Plaintiff's claims and, thus Plaintiff's motion is granted as to this request, and Defendants are directed to produce documents responsive to this request within ten days of the date of this order.

In addition to the documents Defendants' are directed to produce as set forth above, Defendants are also directed to provide an affidavit that their responses to Plaintiff's discovery requests served on February 19, 2021, and any supplemental responses thereto are true and correct.

23.    **Minutes of the June 17, 2017, executive team meeting**

In asserting their objections to this request, Defendant mistakenly repeats its objection to the request for harassment training materials.  In their response to Plaintiff's motion, Defendants assert that documents responsive to the request would be served on Plaintiff contemporaneously with their response.  It appears that Defendants have responded to this request, and, thus, Plaintiff's motion is denied as moot as to this request.

G.    **Defendants' Motion to be Relieved of Mediation Obligation**

Defendants move to be relieved from the mediation requirement set forth in the Order to

Conduct Mediation (ECF No. 8) entered in this case shortly after it was filed. Pursuant to Local Civil Rule 16.05, D.S.C., parties "may request relief from any mediation requirement by motion, and relief shall be free given for good cause shown." Defendants assert that good cause exists to be relieved from the mediation requirement in this case for three reasons. First, Defendants assert that they have participated in settlement negotiations with Plaintiff twice before (both in 2019, when Plaintiff was represented by counsel) and believed to have settled the case only for Plaintiff to renege on his agreement to settle at the 11th hour. Defendants assert that given Plaintiff's history of reluctance to agree to settlement terms, a mediation with Plaintiff is highly unlikely to be productive. Next, Defendants argue that they should be relieved from the mediation obligation because they believe Plaintiff's settlement expectations to be "fundamentally inconsistent" with the potential remedies Plaintiff could recover even if he succeeded on his claims. Finally, Defendants argue that they strongly believe in their defenses to Plaintiff's claims on the merits do not believe a mediation with Plaintiff prior to a ruling on their motion for summary judgment would be productive. Plaintiff argues that he has always been willing to negotiate a settlement and Defendants should not relieved of the court order requiring mediation.

The undersigned notes even though the parties have attempted to settle this action on several occasions, they have not participated in mediation. The first two issues raised by Defendants are exactly the types of obstacles mediators are meant to help the parties navigate. Thus, those reasons are insufficient to relieve the parties from mediation. However, the undersigned will allow the parties to postpone mediation until after a ruling has been entered on Defendants' motion for summary judgment. Thus, Defendants' Motion to Be Relieved from Mediation Obligation (ECF No. 104) is **DENIED** but the parties may postpone mediation until after a ruling on the pending motion

-17-

for summary judgment.

      **H.**    **Plaintiff's Motion to Hold Defendants in Contempt**

Plaintiff filed the present motion to hold Defendants in contempt for failing to abide by the mediation order in this case. Plaintiff presumably filed the motion prior to receiving a copy of the motion discussed above. Because Defendants moved to be relieved of the mediation obligation prior to the expiration of the deadline, the court declines to hold Defendants in contempt for failing to abide by an order of the court. Accordingly, Plaintiff's Motion to Hold Defendants in Contempt (ECF No. 105) is **DENIED**.

**III.**    **CONCLUSION**

For the reasons discussed above, Defendants' Motion to Amend/Correct Answer (ECF No. 72) is **GRANTED**, Plaintiff's Motion to Quash (ECF No. 74) is **MOOT**, Plaintiff's Motion to Quash (ECF No. 79) is **DENIED**, Plaintiff's Motion to Sanction Defendants (ECF No. 92) is **DENIED**, Plaintiff's Motion to Strike Plaintiff's Deposition (ECF No. 94) is **DENIED**, Plaintiff's Motion for Protective Order (ECF No. 96) is **DENIED**, Plaintiff's Motion to Compel Discovery (ECF No. 97) is **DENIED** in part and **GRANTED** in part as set forth above, Defendants' Motion to Compel (ECF No. 102) is **GRANTED** as set forth above, Defendants' Motion to be Relieved from Mediation (ECF No. 104) is **DENIED** as set forth above, and Plaintiff's Motion to Hold Defendants in Contempt (ECF No. 105) is **DENIED**.

      **IT IS SO ORDERED**.

                            s/Thomas E. Rogers, III
                            Thomas E. Rogers, III
                            United States Magistrate Judge

August 13, 2021
Florence, South Carolina